						UNITED STATES DISTRICT COURT
					   FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Robert P. Lohman, Individually</u>
<u>and On Behalf of All Other</u>
<u>Persons Similarly Situated</u>

	v.							Civil No. 11-cv-250-LM

<u>Rite Aid Corporation and Eckerd</u>
<u>Corporation, d/b/a Rite Aid</u>


						  **<u>O R D E R</u>**


	Before the court is defendants' partially assented-to motion for leave to file various pleadings and exhibits under Level I seal, as defined in Local Rule 83.11(b)(1), along with a supplement thereto.  Among the documents defendants seek to seal are their motion to dismiss and an exhibit to which they refer in that motion.  The exhibit is an agreement between the parties that, subject to various exceptions, requires Lohman to keep the agreement secret and confidential.  Before defendants filed their motion, Lohman assented to their request to seal the exhibit, but now argues that neither the exhibit nor the motion should be sealed.  The court agrees.

	Under this court's Local Rules, the default setting is that "[a]ll filings, orders, and docket entries shall be public."  LR 83.11(a).  There are several exceptions to the general rule, but the only basis for sealing the documents at issue in this case

would be an order from this court.  See LR 83.11(a)(1)-(3).  A party seeking such an order "must explain the basis for sealing."  LR 83.11(c).  Here, defendants have not provided a sufficient basis for the relief they request.

"Under the common law, there is a long-standing presumption of public access to judicial records."  Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 6 (1st Cir. 2005) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); United States v. Connolly, (In re Boston Herald, Inc.), 321 F.3d 174, 189 (1st Cir. 2003)); see also FTC v. Std. Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987). That "presumption of access 'helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies.'"  Gitto Global, 422 F.3d at 6 (quoting Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994)).  Thus, "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access."  In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002) (citation and internal quotation marks omitted).

Here, defendants seek to seal an agreement between themselves and Lohman, and any court filings that quote from or

refer to that agreement.  Their basis for sealing is a provision in the agreement that generally prevents Lohman from disclosing its existence or content.  If defendants were to prevail, the result would be that they would be able to rely on their agreement with Lohman in defending against Lohman's claims without disclosing to the public either the existence or the content of the agreement.

While defendants assert that they have "a legitimate interest in protecting the confidentiality of the terms of the . . . [a]greement" with Lohman, they do not further explain their assertion, treating it as self evident.  A company's interest in protecting the confidentiality of its trade secrets is self evident; defendants' interest in protecting the confidentiality of the agreement in this case is not nearly so clear or compelling.  Under the circumstances of this case, defendants' interest in preserving the confidentiality of their agreement with Lohman does not outweigh the strong presumption in favor of public access.  See Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)).  "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."  Id.

Because defendants have identified no compelling reason to justify their request to seal their agreement with Lohman, and

any pleading that refers to that agreement, their motion for leave to file various documents under seal, document no. 6, is denied, as is their supplemental motion, document no. 12. Pursuant to Local Rule 83.11(c), all materials tendered under provisional seal are being returned to defendants, including their motion to dismiss, document no. 5, which the court also denies without prejudice. With respect to that motion, defendants have several choices. They may refile it, as is, and give up the confidentiality of their agreement with Lohman. Or, if they wish to preserve the confidentiality of their agreement, they may file a dispositive motion based on grounds that do not require reference to the agreement.

    SO ORDERED.

                                                Landya McCafferty
                                                United States Magistrate Judge

November 2, 2011

cc:   Beth A. Moeller, Esq.
      Richard L. O'Meara, Esq.
      Daniel E. Turner, Esq.
      Danielle Y. Vanderzanden, Esq.